[784 NYS2d 440]

In the Matter of DOUGLAS E. ROWE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 19, 2004

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Trevett, Lenweaver & Salzer P.C.* (*Lawrence J. Andolina* of counsel), Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 18, 1970, and formerly maintained an office for the practice of law in Canandaigua. On December 5, 2003, respondent was convicted upon his plea of guilty in Ontario County Court of obstructing governmental administration in the second degree (Penal Law § 195.05), a class A misdemeanor. The plea was entered in satisfaction of a nine-count indictment that included charges of criminal contempt in the second degree and tampering with a witness in the fourth degree. Respondent admitted that he instructed the complainant in a domestic violence case that she was not required to appear before the grand jury in response to a subpoena and that he in fact encouraged her not to appear. He was sentenced to perform 50 hours of community service and was ordered to pay a fine in the amount of $1,000. This Court determined that obstructing governmental administration in the second degree is a serious crime, pursuant to Judiciary Law § 90 (4) (d), and, on January 27, 2004, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered. Respondent requested a hearing prior to disposition, pursuant to Judiciary Law § 90 (4) (h), and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm.

We confirm the findings of fact made by the Referee, including the finding in mitigation that respondent has had an exemplary 30-year career as an attorney. Respondent, however, has committed a serious crime involving interference with the administration of justice. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years, effective January 27, 2004, and until further order of the Court.

PIGOTT, Jr., P.J., GREEN, HURLBUTT, KEHOE and HAYES, JJ., concur.

Final order of suspension entered.